## 8471

### FORE v. BERRY.

1. ARBITRATION.—Merely signing an arbitration award which declares that the subscribers had been chosen as arbitrators, is not of itself sufficient to show that the subscribers were so chosen by the parties and that the questions to be arbitrated were actually and formerly submitted to them.

2. IBID.—PAROLE EVIDENCE is admissible to explain what tract of land the parties had in mind when executing an agreement to arbitrate their differences as to it, when there is enough in the arbitration contract to indicate what tract was meant.

3. IBID.—REAL PROPERTY—COLOR OF TITLE.—While an arbitration award may not be sufficient to pass title to land, it is competent evidence of color of title.

4. LIMITATION OF ACTIONS—INFANCY.—The disability of infancy will not arrest the running of the statute of limitations of ten years of possession of land, which began to run during the lifetime of the parent.

Before SHIPP, J., Marion, July, 1912. Affirmed.

Action by T. L. Fore *et al.* against E. B. Berry, Tilghman Lumber Company and Marion County Lumber Company. Plaintiffs appeal. The report of the special referee, A. F. Woods, Esq., is:

"By consent, this case was referred to me as special referee, by order of this Court, dated April 12, 1910, to take the testimony and report my findings of fact and conclusions of law with leave to report any special matter, and in accordance with this order I have taken all the testimony offered, which is hereto annexed.

"The complaint alleges that Willis Fore was at and before his death seized in fee of a tract of land in Marion county, containing three hundred acres, more or less, bounded now or formerly by the lands of the estate of W. Evans, Hugh C. Dew, Gewood Berry and Charles Haselden, being a tract of land conveyed to the said Willis Fore by A. Q. McDuffie, master; that Willis Fore and his wife, Sarah M. Fore, have both died intestate; that the plaintiffs are the only heirs at law of Willis Fore and Sarah M. Fore, and are seized in fee and entitled to the possession of the premises described in the complaint, but that the defendants without right or title withhold the possession from them to their damage in the sum of one thousand dollars. The defendants, all answering this complaint separately, admit the incorporation of the defendants, Tilghman Lumber Company and Marion County Lumber Company, and that the plaintiffs are the heirs at law of Willis and Sarah M. Fore, but they deny all the other allegations of the complaint and plead the statute of limitations and the presumption of a grant.

"From the testimony I find that Willis Fore acquired fee simple title to the premises described in the complaint by virtue of a conveyance made to him by A. Q. McDuffie, master, on December 8, 1879, and that Willis Fore went into possession under this conveyance and continued in possession until January 4, 1886. On that date a written agreement was made between E. B. Berry and Willis Fore, the material portion of which is as follows: 'Whereas, there exists a dispute between said parties as to the title to a tract of land containing three hundred acres, more or less; and, whereas, we desire to settle said dispute without resort to law, we, the said E. B. Berry and Willis Fore, hereby agree to leave the point in dispute to arbitration.' The agreement also provides that each party shall select one arbitrator, with the right of the two thus chosen to select a third if necessary, the decision of two arbitrators to be binding. On the back of this agreement is the following endorsement:

" 'We, the undersigned, S. W. Berry and B. F. Hays, being chosen as arbitrators in the within mentioned case, have decided in favor of E. B. Berry. S. W. Berry, B. F. Hays.'

"Under this instrument the defendant, E. B. Berry, went into possession on January 4, 1886, and has been in continuous possession up to the present time. The defendants, Tilghman Lumber Company and Marion County Lumber Company, are both made parties to the action for the reason that they claim certian timber rights under E. B. Berry. The Tilghman Lumber Company claims its rights by virtue of a deed from E. B. Berry to Tilghman Lumber Company, dated February 20, 1899, and the Marion County Lumber Company by virtue of a deed from E. B. Berry to Cape Fear Lumber Company, dated July 7, 1898, and a deed from Cape Fear Lumber Company, dated August   , 1904.

"E. B. Berry testifies that he went into possession of the land described in the complaint on January 4, 1886, and that he has been in possession openly, adversely and exclusive of

all other rights and claims. This testimony is of too general a nature to warrant the inference that his *pedis possessio* has extended over the entire tract of land. Section 103 of the Code of Procedure states the necessary elements of an adverse possession under a written instrument, and this testimony of E. B. Berry is rather in the nature of his opinion on a question of law. He says, however, 'I have been working it ever since.' This, therefore, is some testimony that he went into possession of the arable land, or at least some portion of it. There can be no doubt that he went into possession of some of the land in 1886 under this written instrument, and that his possession has been continuous, open and notorious, and exclusive of all other claims up to the present time.

"Willis Fore died intestate on October 14, 1891, leaving as his sole heirs at law his wife, Sarah M. Fore, and his children, the plaintiffs in this action, namely, T. L. Fore, born January 5, 1871; Mary J. Fore (Dudley), born June 13, 1872; Tracey E. Fore, born November 17, 1874; Rebecca Fore (Hayes), born November 29, 1878, and W. K. Fore, born January 31, 1880. Sarah M. Fore, the wife, died intestate on August 31, 1906, leaving the plaintiffs as her only heirs at law, and on November 21, 1907, plaintiffs commenced this action for the recovery of the land described in the complaint.

"The defense of a presumption of a grant was not argued and was apparently abandoned, both defendants and plaintiffs doubtless recognizing the rule that to raise the presumption of a grant, there must be twenty years' possession exclusive of the period of infancy and also that the failure of the presumption is personal to the infant and cannot inure to the benefit of the other tenants. *Massey* v. *Adams,* 3 S. C. 254; *Garrett* v. *Weinberg,* 48 S. C. 28. The entire contention is over the statute of limitations and the admissibility in evidence of the arbitration agreement and award under which E. B. Berry went into possession. The plaintiffs con-

tend that the defense of the statute of limitations must fail, because the bar of the statute was not complete when Willis Fore died in 1891, and that it was suspended during the infancy of any of his heirs, they being tenants in common, and that under section 108 of the Code of Procedure they have ten years in which to begin this action after the majority of the youngest child, W. K. Fore, born January 31, 1880. The plaintiffs also earnestly object to the admission of the arbitration agreement and award on the ground that it does not contain a sufficient description of the premises, that it does not appear from the writing itself what property is referred to, and that parol evidence of extrinsic circumstances is inadmissible to show what land is referred to. They also object to the paper on the additional grounds that the paper is insufficient as an arbitration agreement, that land is not a proper subject of arbitration, and that title to land cannot be transferred by arbitration.

"The defendants insist that this arbitration agreement and award is a complete bar to this action, that the effect is the same as if a deed had been executed by Willis Fore to E. B. Berry; that while the agreement and award cannot of itself pass title, yet it will act as an estoppel. This rule is expressly recognized in the case of *Garvin* v. *Garvin,* 55 S. C. 360, but I do not think the rule applicable in this case for the reason that the agreement to submit the dispute to arbitration does not constitute an actual submission, because the instrument does not designate the arbitrators nor is there any testimony tending to show that the persons who signed the award were really the persons to whom the matter was submitted. The mere fact that they signed the award is no sufficient evidence that they were selected to arbitrate the dispute. This point was considered in the case of *Cothran* v. *Knox,* 13 S. C. 509, where an arbitration and award were set up in bar of an action. The Court said in this case: 'There is also the same uncertainty as to the persons to whom the matters were submitted for arbitration.

The only evidence tending to show that Wosmansky was one of the persons selected is the vague impression of Milford that both parties agreed that Wosmansky should assist him in making the settlement, for certainly the mere fact that Wosmansky signed the paper purporting to be the award cannot be regarded as evidence that he was one of the persons selected as arbitrators; while the testimony of Cason, the only other witness relied upon to show the submission, not only fails to show that Wosmansky was agreed upon as one of the aribtrators, but, on the contrary, shows that his name was not even mentioned. The testimony is manifestly insufficient to show who were the judges of the parties' choice, and this, therefore, constitutes an objection fatal to the award.' See, also, the case of *Lynch* v. *Goodwin,* 6 S. C. 144.

"However, the instrument is good as color of title, and none of the objections urged by plaintiff are valid objections to its use for that purpose. The sufficiency of description in the writing appears to be the most serious question as to its sufficiency as color of title. 'That the instrument under which a party holds adversely by color of title must describe the extent of the claim is perfectly well settled.' *Garvin* v. *Garvin,* 40 S. C. 444. It is also equally as well settled, that a contract to convey cannot be enforced unless the property is described in the writing. In both cases rights to certain property being asserted solely by virtue of a writing, it is perfectly clear that the writing must designate the particular piece of property upon which the writing is intended to operate so that it can be found, and no good reason can be suggested why a stricter rule should be applied in one case than the other. In the case of *Kennedy* v. *Gramling,* 33 S. C. 367, the Court says: 'Thus where there is a proposition to sell and an agreement to buy the house in which plaintiff resides, there is no doubt that parol evidence would be admissible to show in what particular house he did reside, as there could not be a shadow of

doubt that both of the parties—the one in making the offer and the other in accepting it—had reference to the same property; and that is the great point.' In the arbitration agreement the land is described as a three-hundred-acre tract of land in dispute between Willis Fore and E. B. Berry on January 4, 1886. This is a more specific description than that in *Kennedy* v. *Gramling,* and there is no reason why parol evidence of extrinsic circumstances should not be resorted to as in *Kennedy* v. *Gramling.* If the only element of description had been a three-hundred-acre tract of land, then it would have been insufficient. *Humbert* v. *Brisbane,* 25 S. C. 506.

"The rule in reference to description in a paper asserted as color of title is thus stated in 1 Cyc. 1090, as follows: 'So a description, though indefinite, is sufficient if the Court can, with the aid of extrinsic evidence which does not add to, enlarge, or in any way change description, fit it to the property conveyed by the deed. It is necessary, however, that the description be such that it can be rendered certain by such evidence.' See, also, the case of *Harris* v. *Eubanks,* 1 Speer 183, cited in note. In a note to the above text of Cyc. will be found a number of examples from decided cases of descriptions held sufficient and others held insufficient. All that appears to be necessary is that there should be such a designation that the land may be identified by the description. *Kirkland* v. *Way,* 3 Rich. 4. The paper and the parol evidence in this case sufficiently identify the land.

"The other objections urged to the paper are without foundation in so far as they attack its validity as color of title. The object of color of title is not to pass title. In that case it would be title, not color of title. The only office of color of title is to define the extent of the claim and to extend the possession beyond the actual occupancy to the whole property described in the paper. Color of title is thus defined in the case of *Turpin* v. *Brannon,* 3 McC. 164: 'I think that in its common accept-

ance it is understood to mean any semblance of title by which the extent of a man's possession can be ascertained. An actual deed from a person who has no right conveys nothing. It is not even evidence of possession. The possession being proved by other evidence, the deed is only looked to as defining its extent.' It is by no means necessary that the paper should be in the form of a deed. A bond or even a receipt would be sufficient. *Eifert* v. *Read,* 1 Nott & McC. 373; *Simmons* v. *Parsons,* 2 Hill 491. In *Garvin* v. *Garvin,* 40 S. C. 435, a fraudulent deed was held insufficient to constitute color of title, but there can be no doubt as to the sufficiency of a merely invalid paper. 1 Cyc. 1082 and 1084; *Allen* v. *Johnson,* 2 McM. 495; *Gourdin* v. *Davis,* 2 Rich. 488; *Bank* v. *Smyers,* 2 Strob. 24; *Lyles* v. *Kirkpatrick,* 9 S. C. 269; *Duren* v. *Strait,* 16 S. C. 469; *Kennedy* v. *Kennedy,* 86 S. C. 497.

"Under a fair construction of the instrument in this case it appears to be, in the light of the other testimony in the case, a sufficient instrument of writing as contemplated by section 102 of the Code of Procedure. The defendants have been in possession under this instrument continuously and exclusive of every other right for a much longer time than is necessary to perfect the statute of limitations, and unless the statute has in some way been suspended the complaint should be dismissed.

"Plaintiffs contend that although the statute might have commenced to run against Willis Fore, yet, not being complete at his death, it was suspended on account of the minority of some of his heirs to whom the property descended. In support of this position reliance is placed upon the case of *McCaw* v. *Crawley,* 59 S. C. 342, and the act of 1824, 6 Stat. 238. Section 5 of the act of 1824 is as follows: 'And be it further enacted, That the statute of limitations shall not hereafter be construed to defeat the rights of minors, when the statute has not barred

the right in the lifetime of the ancestor, before the accrual of the right of the minor.'

"In 1872 the satutory law of the State was revised by an act of the legislature, the revisal being known as Corbin's Code. This Code was legally adopted, and after setting forth all the general statutes of the State this language is used : 'The following acts, ordinances and resolves, passed in the several years hereinafter enumerated, have expired, or have been, or are hereby, expressly repealed.' Then follows a schedule of these acts by their titles. Among others is the act of 1824 above quoted. Corbin's Revised Statutes, page 820.

"It would not be profitable to inquire whether or not the framers of Corbin's Code recommended the repeal of the act of 1824, because they regarded it as sufficiently embodied in the statute of limitations adopted at that time and the continuance of the act of 1824 useless. The effect of this repeal can only be gathered from the construction given the statute of limitations by the Supreme Court in cases arising since that time.

"The case of *McCaw* v. *Crawley,* 59 S. C. 342, is not an authority on the point. Although at page 348, of this case, Mr. Justice McIver does intimate that the intervention of infancy will arrest the statute when the bar has not become complete during the life of the ancestor, yet the point was in no way involved in the case. The question there under consideration was absence from the State, and the remark of Mr. Justice McIver was purely *obiter dictum.* Nor was the question in any way involved or decided in the case of *Duren* v. *Kee,* 26 S. C. 219. But in the case of *Satcher* v. *Grice,* 53 S. C. 126, the identical question was under consideration, and it was decided that infancy would no longer arrest the statute if it had commenced to run during the life of the ancestor. This case is conclusive of the question. See, also, the case of *Sutton* v. *Clark,* 59 S. C. 440.

"The bar of the statute of limitations being complete against plaintiffs, the complaint should be dismissed."

*Mr. W. F. Stackhouse,* for appellants, cites: *The arbitration contract does not have sufficient description to locate the land:* 33 S. C. 385; 25 S. C. 506. *Statutes of limitations are arrested by death of ancestor and infancy of heir:* 2 Stat. 583; 5 Stat. 77; 6 Stat. 237; acts 1870, 446; 2 Tread. 549; 1 N. & McC. 296; 1 McC. 139; 3 McC. 451; 4 Rich. 615; 26 S. C. 226; 59 S. C. 348; 48 S. C. 490; 20 S. C. 52; 53 S. C. 126; 59 S. C. 451.

*Mr. M. C. Woods* and *L. D. Lide,* contra, cite: *Infancy of heir did not arrest the statute:* 85 S. C. 379; 20 S. C. 49; 59 S. C. 451; 53 S. C. 126; 1 N. & McC. 179; 6 Stat. 237; 14 Stat. 423. *An arbitration award is an estoppel:* 55 S. C. 360; 5 Ency. L. & P. 192; 1 Brev. 448. *Parol evidence is admissible to show the land referred to in the arbitration agreement:* 79 S. C. 54; 17 Cyc. 383; 3 McC. 164; 1 N. & McC. 373; 2 Hill 491; 2 Strob. 24; 9 S. C. 269.

March 18, 1913. The opinion of the Court was delivered by

MR. CHIEF JUSTICE GARY. For the reasons therein stated, in the report of the special referee, the judgment of the Circuit Court is affirmed.