## SMITH v. SMITH.

1. There being a mortgage to secure agricultural advances, and settlements agreed upon between the parties as to credits and balances due, without collusion or fraud, a subsequent judgment creditor cannot object to the character of the items advanced or to the application of payments.

2. A note dated February 6 and payable at one day "with interest at one per cent. per month from January first" last, must be construed according to the words used without the aid of parol testimony as to the intention of the parties, and unaffected by interest payments afterwards endorsed. So construed, this note bore only legal interest (7 per cent.) after maturity.

Before WALLACE, J., Kershaw, February, 1890.

This was an action by A. Sydney Smith and Algernon S. Smith, as A. Sydney Smith & Son, against Henry Smith and others, commenced January 3, 1888. The opinion states the case.

*Messrs. Bachman & Youmans,* for Mrs. Diercks, executrix.

*Mr. John T. Seibels,* for E. D. Gilmore.

*Messrs. W. T. Trantham* and *J. T. Hay,* for J. A. Armstrong.

*Mr. W. M. Shannon,* for plaintiffs.

June 28, 1890. The opinion of the court was delivered by
MR. JUSTICE McGOWAN. This was an action brought by A. Sydney Smith & Son against Henry Smith for the foreclosure of a mortgage upon a tract of land in Kershaw County. E. D. Gilmore, Catharine Diercks, executrix of Gerhard Diercks, and John A. Armstrong, who claimed some interest or lien upon the property embraced in the mortgage, were, with the mortgagor, Henry Smith, made parties defendant, and all of them answered. The pleadings are in the "Brief." It was referred to the master, Edward M. Boykin, Esq., to hear the testimony and to report

upon the issues of law and of fact. He took the testimony, which is in the "Brief," and reported, among other things, as follows:

"The claim of Diercks and Gilmore is the same, and consists of a note of Henry Smith to G. Diercks in his life time for $2,074.88, dated February 6, 1874, and secured by the deed of H. Smith to G. Diercks, dated May 20, 1873, which was in the nature of a mortgage, and had been assigned by Diercks to E. D. Gilmore, and was the first incumbrance on the land. J. A. Armstrong is a judgment creditor, his judgment bearing date November 23, 1882, and being a subsequent incumbrance to the mortgage of the plaintiffs. The only issues raised are as to the amounts due on the claim of Diercks assigned to Gilmore, and the amount due on the mortgage of the plaintiffs.

"No. I. As to the claim of Diercks, assigned to Gilmore, I find as matter of fact that the note of Henry Smith to Gerhard Diercks is in the following form:

'$2,074.88.                    COLUMBIA, S. C., February 6, 1874.

'One day after date I promise to pay to Gerhard Diercks or order two thousand and seventy-four 88–100 dollars, with interest at one per cent. per month from January first, 1874, value received.     (Signed)                    HENRY SMITH.'

"That Henry Smith has paid upon said note the amount of $3,018.31, and there is now due and owing upon it the sum of $190.67. I find as matter of law that the note above described bore interest at the rate of one per cent. a month from the first day of January, 1874, until February 7, 1874; and from that time, the maturity of the note, the special rate of interest ceased, and from that date it bore interest at the rate of 7 per cent. per annum, the rate fixed by law.

"No. II. As to claim of the plaintiffs, I find as matter of fact: (1) That on March 4, 1872 (1882), the plaintiffs and Henry Smith entered into an agreement in writing, by which the plaintiffs agreed to advance to Henry Smith for agricultural purposes the sum of $1,200, and to secure said advances with interest and commissions specified, with the balance of indebtedness on last year's account, said Henry Smith gave the plaintiffs a lien on his crops and a mortgage on 6 head of mules, 30 head of cattle, and 100 head of sheep with the increase. And also a mortgage on

the real estate described in the complaint. (2) That Henry Smith was indebted to the plaintiffs in the sum of $675.37, balance due from the year 1881, and that plaintiffs advanced to Henry Smith in the way of advances, with interest and commissions as stipulated in the agreement, to the amount of $1,743.47. (3) That Henry Smith paid the plaintiffs by sales of cotton, the sum of $1,493.76. (4) That the $300 arising from the sale of stock, and which the defendants claim should be credited on the account of 1882, was by consent of Henry Smith credited on the account of 1885. (5) That on May 12, 1883, the plaintiffs and Henry Smith made a settlement of their transactions for the year 1882, and Henry Smith then gave the plaintiffs his note for the sum of $925.13, payable November 1 after date, with interest after maturity at the rate of 10 per cent. per annum. I find as matter of law : (I.) That the payments made by Henry Smith to the plaintiffs were properly credited by them. (II.) That Henry Smith is indebted to the plaintiffs in the sum of $925.13, with interest thereon from November 1, 1883, at the rate of 10 per cent. per annum, amounting in the whole to $1,476.24.

"No. III. I find as matter of fact the following : that the defendant, Henry Smith, is indebted to the defendant, J. A. Armstrong, by a judgment dated November 23, 1882, in the sum of $1,532.90, with $33.25 costs and disbursements."

The master recommended that the land should be sold and the proceeds paid out in the amounts and order above stated.

The case came up on exceptions to this report before Judge Wallace, who affirmed it and ordered the land to be sold.

From this decree there was no appeal by Henry Smith, the mortgagor ; but Gilmore (as to the Diercks note) appealed, alleging that there was error in the mode of calculating the interest. There were several grounds of appeal, but we think they are substantially combined in fifth ground, viz. : "Because the whole instrument (Diercks note), considered in the light of the surrounding circumstances, the deed of the realty, and the absolute security afforded them by the words 'from January 1st, 1874,' as they appear in the note, the endorsements on the note, the note by Gerhard Diercks to E. D. Gilmore and the endorsements thereon, the memorandum attached to these notes, the

payments made by and credited in the presence of Henry Smith, the testimony of Henry Smith and the relations between Diercks and Henry Smith, show that the intention of the maker and the payee was, and the true construction is, that the note was not to be paid one day after date, but should be allowed to stand for an indefinite period of time, secured by the deed, and bearing interest at the stipulated rate, the rate at which the original loan bore interest, and on condition of the payment of which original loan and interest at said rate the absolute deed became defeasible," &c.

John A. Armstrong, the judgment creditor, also appealed upon various grounds, which are in the "Brief," but being long, need not be restated here. It was, however, admitted at the bar that they substantially make but two questions: First. Whether certain items in plaintiff's account against Henry Smith for the year 1882 come within the meaning of "agricultural advances"? And second. Whether the proceeds of the sales of cotton of the crop of 1882, shipped to the plaintiffs by Henry Smith, were properly applied?

We will first dispose of this appeal. As we understand it, the plaintiffs and Henry Smith had business transactions from year to year, and on March 4, 1882 (in the printed "Brief" it is "1872"), Henry Smith executed to the plaintiffs a mortgage to secure "agricultural advances" to the amount of $1,200, with interest and commissions specified, with the balance of indebtedness on the account of the previous year, 1881. The master reported, "that on May 12, 1883, the plaintiffs and Henry Smith made a settlement of their transactions for the year 1882, and Henry Smith then gave the plaintiffs his note for the sum of $925.13, with interest after maturity at the rate of ten per cent. per annum. That the payments made by Henry Smith to the plaintiffs were properly credited by them, and that Henry Smith is indebted to the plaintiffs for the amount due on the note at this time, viz., $1,476.24, with interest." The Circuit Judge confirmed this report. As stated, Henry Smith, the debtor, was content with the decree, but the appeal was by the judgment creditor, John A. Armstrong, whose lien did not exist prior to November 23, 1882 (entry of the judgment), subsequent to the execution of the mortgage of the plaintiffs and the aforesaid trans-

actions under it. There was no allegation of collusion or fraud in the settlement or the note then given; or that Henry Smith did not in fact *bona fide* owe the amounts stated.

We do not clearly see what right the subsequent incumbrancer had to question the settlement made, with a view to reduce the amount secured by the mortgage, &c. It will be observed that the security of the plaintiff was not merely an agricultural lien on the crop of Henry Smith, but also a mortgage of property in existence, "to secure said advances, with interest and commissions specified, with the balance of indebtedness on last year's account (1881), viz., $675.37." The agricultural lien law expressly ranks "money and supplies" together. We agree with the master and Circuit Judge, "that the payments made by Henry Smith to the plaintiffs were properly credited by them." The decree on this point is affirmed and the appeal of J. A. Armstrong dismissed.

That brings us to the important question as to the proper manner of calculating the interest on the Diercks note assigned to Gilmore. The note is in the following words:

"$2,074.88.          Columbia, S. C., February 6, 1874.

"One day after date I promise to pay to Gerhard Diercks or order two thousand and seventy-four 88–100 dollars, with interest at one per cent. per month from January first, 1874, value received.          (Signed)          HENRY SMITH.

"Witness: J. C. H. Troeger."

To this note there was attached a memorandum of credits—payments made at different times in the handwriting of Diercks, showing that the parties calculated the interest at one per cent. per month. The master (and the judge concurred) held and calculated the interest at the rate of "one per cent. per month" up to the maturity of the note (February 7, 1874), and thenceforward at the rate of 7 per cent. per annum, the rate fixed by law. The appellant complains of this ruling, and insists that it was error not to calculate the interest at the rate of one per cent. per month after maturity and until paid.

At the time the note was given (1874), parties might legally agree in writing for any specific rate of interest. As to the principle applicable in such case, all agree that it is as stated in the

case of *Sharpe* v. *Lee* (14 S. C., 341), viz.: "If the debt bears
a fixed rate of interest on its face, higher or lower than that pro-
vided by law, the interest fixed by law attaches on it for the
detention of the principal sum, when the parties do not contract
that it shall be the rate after the debt becomes due." This being
so, whether there was such agreement must depend upon the inten-
tion of the parties, and it becomes simply a matter of construction.
The appellant insists that construction consists in ascertaining
what was really the intention of the parties, and that parol testi-
mony should have been admitted to show what was intended,
over and above and outside of the terms of the instrument itself.
It is the duty of the court to construe all written instruments,
and there is no rule of evidence more important and peremptory
than that which declares that parol evidence is inadmissible to
contradict or vary the terms of a valid written instrument. As
Mr. Greenleaf (1 vol., § 275) says: "Where parties have delib-
erately put their engagements into writing, in such terms as
import a legal obligation, without any uncertainty as to the ob-
ject or extent of such engagement, it is conclusively presumed
that the whole engagement of the parties, and the extent and
manner of their undertaking, was reduced to writing; and all
oral testimony of a previous colloquium between the parties, or
of conversation or declaration at the time when it was completed
or afterwards, as it would tend in many instances to substitute a
new and different contract for the one which was really agreed
upon, to the prejudice possibly of one of the parties, is rejected,"
&c.

In the absence of any special agreement, the law attaches, and
therefore the *onus* of showing it rests upon him who makes the
claim. Thus considering it, did the appellant show the existence
of such agreement as to the interest beyond the maturity of the
note? The rule is, that in construing a paper, every word, if
possible, should have its full effect. Is there any word in this
note as to interest which necessarily points beyond the time of its
maturity? It was due "one day after date," with interest at
"one per cent. per month." If this were all, we would be ob-
liged to say that the words "per month" indicated a time for the
running of interest after the maturity of the note, which was

within one day of its execution, as in the case of *Sharpe* v. *Lee*, 14 S. C., 341, and *Piester* v. *Piester*, 22 *Id.*, 139. But there were other words in the note. closely connecting with and immediately following the phrase "per month," viz., "from January first, 1874." The time here named from which the interest was to run—someting more than a month before the execution of the note—made it possible to count the interest for "a month," without going beyond its maturity, answered all the words of the note, and excluded the conclusion, otherwise necessary, that the phrase "per month" could not have its "full effect" without touching upon time beyond the maturity of the note. This may look like a small difference to produce such consequences, but we think it is founded on principle and the decided cases.

We cannot say that the master and Circuit Judge erred in their construction of the Diercks note.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.