plaintiffs' appeal therefrom alleges error in failing and refusing to ascertain if any of the jurors were related to either party to the action by blood or marriage. When the jury were empanelled, the plaintiffs' attorneys requested the trial Judge to ascertain if any one of the jurors was related to the defendant or the plaintiffs. The "Case" states that the trial Judge refused, saying he would attend to that, but failed to ask if any of the jurors were related by blood or marriage to either party to the action. This was error. Section 2944, Code, 1902, provides as follows: "The Court shall, on motion of either party in suit, examine, on oath, any person who is called as a juror therein to know whether he is related to either party, or has any interest in the cause, or has expressed or formed any opinion, or is sensible of any bias or prejudice therein, and the party objecting to the juror may introduce any other competent evidence in support of the objection. If it appear to the Court that the juror is not indifferent in the cause, he shall be placed aside as to the trial of that cause, and another shall be called." This statute is mandatory, and it was the duty of the Court, on motion of plaintiffs, to apply this statutory method of ascertaining whether any juror was related to either of the parties litigant.

The judgment of the Circuit Court is reversed and the case remanded for a new trial.

---

## WASSON v. FERGUSON.

Petition by R. M. Wasson *et al.,* against W. L. Ferguson, *et al.,* in the original jurisdiction of this Court, for order enjoining them from levying a tax on Sullivan Township of Laurens County to pay a judgment of United States Court for interest on railroad aid bonds.

*Messrs. Ferguson & Featherstone,* for petitioners.

Respondents answer in person.

May 18, 1903.    Order *per curiam.*

This case is ruled in all respects by the case of *McCollough* v. *Hicks,* 63 S. C., 542, 41 S. E., 761.

It is, therefore, the judgment of this Court, that the application be refused and the petition dismissed.

---

ABBEVILLE ELECTRIC LIGHT AND POWER CO. v. WESTERN ELECTRICAL SUPPLY CO.

RES JUDICATA—DEMURRER—JURISDICTION.—When an objection to the jurisdiction of the Court has been made on motion to set aside service of summons based on alleged illegal service and overruled, no second objection based thereon, however variant may be the specifications taken the first and second times, can be made on demurrer to jurisdiction on trial.

Before TOWNSEND, J., Abbeville, October, 1901.   Affirmed.

Action by Abbeville Electric Light and Power Co. against Western Electrical Supply Co.   From judgment for plaintiff, defendant appeals.

*Mr. Frank B. Gary,* for appellant, cites: *As to the service of the summons:* 106 U. S., 356; 49 U. S., 552; *State* v. *Napier,* 63 S. C.

*Mr. Wm. N. Graydon,* contra, cites: *Question of jurisdiction is res judicata:* 51 S. C., 33; 38 S. C., 216; 1 Hill Ch., 22.   *As to service of summons:* 61 S. C., 361; 106 U. S., 350; *Blake* v. *Clung,* 172 U. S.

The opinion of the Court was filed July 11, 1902, but remittitur is still held up on appeal· to United States Supreme Court.