### 20141

The PEDDLER, INC., Respondent, v. James C. RIKARD and Delora Y. Rikard, Appellants.

(221 S. E. (2d) 115)

*Messrs. Gregory & Gregory,* of Lancaster, *for Appellants.*
*James L. D'Angelo, Esq.,* of Myrtle Beach, *for Respondent.*

December 31, 1975.

Moss, Acting Associate Justice:

It appears from the record that The Peddler, Inc., the respondent herein, sells franchises to persons desiring to operate restaurants to be known as "The Peddler". It also appears that restaurants operating under this name use the trademarks, trade names, emblems, insignias, services, and advertising of the respondent.

The respondent brought this action against James C. Rikard and Delora Y. Rikard, the appellants herein, alleging that they obtained a franchise from it to operate a "Peddler" restaurant in Santee, South Carolina, and agreed to pay therefor a franchise fee of $5,000.00 and $150.00 per month as a royalty fee.

It is further alleged that the appellants opened a "Peddler" restaurant in Santee, South Carolina, in January, 1972 and operated such under that trade name and franchise until March, 1973, without paying to the respondent the franchise fee of $5,000.00 and royalty fees amounting to $2,100.00. The respondent seeks judgment against the appellants for the franchise and royalty fees in the aggregate amount of $7,100.00.

The appellants, by their answer, deny that they entered into a franchise agreement with the respondent and contend that they did not owe the respondent any sum for either franchise or royalty fees.

This case was, by consent, referred to the Master in Equity for Horry County, to take the testimony and report his findings of fact and law. The Master took the testimony and filed his Report finding that the appellants purchased a franchise to operate a "Peddler" restaurant at Santee, South Carolina, and agreed to pay therefor a franchise fee and monthly royalties in the amounts heretofore stated. He recommended judgment in favor of the respondent against the appellants in the amount of $7,550.00. The appellants excepted to this Report of the Master, and such was heard by the Judge of the Civil and Criminal Court of Horry County. The trial judge affirmed the findings of fact by the Master, but reduced the amount of recovery to $7,000.00. This appeal followed.

The appellants allege error on the part of the trial judge in affirming the Master's Report on the ground that the respondent failed to prove a contract by them with it; and more specifically, that there was no proof that Delora Y. Rikard was a party to such contract.

This case was one at law but was submitted to the Master by consent of the parties. While the findings of fact by the Master may be affirmed, modified or reversed by the trial judge, upon exceptions to the Report, this Court has no power to reverse the findings of fact by him if he had before him any evidence to support his findings. We can only review the facts to determine whether there was any evidence to sustain the findings made by the Master and the trial judge. *Moore v. Crawley and Associates, Inc,* 254 S. C. 170, 174 S. E. (2d) 340.

There is evidence that either in September or October, 1971, James C. Rikard telephoned J. P. Morgan, Jr., president of the respondent, and told him he

wanted to open a "Peddler" restaurant in Santee, South Carolina. Morgan testified that he agreed to sell a "Peddler" franchise and James C. Rikard agreed to purchase such for a franchise fee of $5,000.00, and a royalty fee of $150.00 per month. Morgan told Rikard he would bring the written franchise agreement with him to the opening of the Santee restaurant. This agreement, signed by an officer of respondent was handed to James C. Rikard for his signature, but was not actually executed by him, on the day of the opening of the restaurant, because as he said, "I haven't got time to sign these now because we're getting close to our opening party." He did retain possession of the contract.

There is testimony that a sign in front of the restaurant read "The Peddler Steak House". The respondent furnished certain Peddler equipment for the restaurant. The respondent furnished all the beef used at the Santee Peddler restaurant. Morgan helped find Managers for the business.

The record reveals letters and correspondence showing the operation of the "Peddler" restaurant at Santee. The respondent has not received any franchise or royalty fees in connection with the operation of the Santee restaurant.

The appellants deny that they made any contract with the respondent as alleged in the Complaint.

We have carefully reviewed the evidence in this case and conclude that the concurrent findings of fact by the Master and the trial judge that James C. Rikard entered into a contract with the respondent for the purchase of a "Peddler" franchise to operate a restaurant at Santee, South Carolina, has evidentiary support and is conclusive on us.

The appellant James C. Rikard contends that the franchise agreement was never signed by him, so there was no meeting of the minds and hence there was no contract between the parties as to the franchise and royalty fees.

The rule stated in *Gladden v. Keistler,* 141 S. C. 524, 140 S. E. 161, is here applicable. We quote therefrom the following:

"It is not always necessary, in order to give validity to a contract, that it should be signed by both parties; it may be sufficient if it be signed by one party and accepted, held, and acted upon by the other. See *Bulwinkle v. Cramer,* 27 S. C. 376, 3 S. E. 776, 13 Am. St. Rep. 645. In 6 R.C.L. at page 641, it is said:

"But the fact that one of the parties has signed the contract does not require that the other party should do likewise. A written contract, not required to be in writing, is valid if one of the parties signs it and the other acquiesces therein. Acceptance of a contract by assenting to its terms, holding it and acting upon it, may be equivalent to a formal execution by one who did not sign it. . . . If a person accepts and adopts a written contract, even though it is not signed by him, he is deemed to have assented to its terms and conditions and to be bound by them."

See also 17 Am. Jur. (2d), Contracts, section 70, at page 408.

The lower court awarded judgment against both ■ appellants. It is the contention of Delora Y. Rikard, one of the appellants, that the evidence does not show that she was a party to the contract. We agree.

The finding that Delora Y. Rikard was a party to the franchise and royalty agreement is unsupported by the evidence. The unsigned franchise agreement named only James C. Rikard as the purchaser of the "Peddler" franchise. We find no evidence that the respondent ever dealt with Delora Y. Rikard concerning the Santee franchise agreement. It follows that so much of the decree of the trial judge as awarded judgment against Delora Y. Rikard is without evidentiary support and must be reversed.

For the reasons stated, the judgment of the lower court as to James C. Rikard is affirmed. The judgment as to De-

lora Y. Rikard is reversed and remanded with directions to enter judgment in her favor.

Affirmed in part and reversed in part.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.