### 21666

Joel Y. LUND and Max Poliakoff, individually and representing all other members of Fort Sumter House Association, Inc., Respondents, v. GRAY LINE WATER TOURS, INC., Appellant.

(289 S. E. (2d) 404)

*John M. Bleecker, Jr.,* Charleston, and *Edward B. Latimer,* Columbia, *for appellant.*

*Thomas S. Tisdale, Jr.,* and *Irving Levkoff,* Charleston, *for respondents.*

March 9, 1982.

HARWELL, Justice:

Respondents initiated this class action against appellant to have it vacate a dock in the Ashley River in Charleston. Upon referral, the master found the respondents were entitled to relief and recommended that the appellant be ordered to vacate the premises. Appellant excepted to the Master's Report. After considering the appellant's exceptions, the trial court adopted the Master's Report in its entirety. Appellant alleges the master and the trial court erred in granting respondents' relief. We affirm in part and modify in part.

Respondents represent themselves and other owners of the Fort Sumter House condominium units located adjacent to the

Ashley River. Appellant operates a tour boat and charter business from a dock on the river. The dock is located on premises described as "a water lot" and claimed by respondents as common property of the Fort Sumter House. On February 1, 1974, the appellant and respondents' predecessor entered into a lease agreement demising the water lot and the dock. By its terms, the lease terminated on January 31, 1977. Prior to the termination date, the respondents gave appellant notice that they did not intend to renew the lease. After the expiration of the lease, appellant refused to vacate the premises in accordance with the respondents' request. As a result, respondents commenced the present action.

Initially, we recognize that this Court's scope of review in a case of this nature is limited. In an equity action tried first by a master, whose findings are concurred in by a circuit judge, the concurrent findings will not be disturbed on appeal unless found to be without evidentiary support or against the clear preponderance of the evidence. *Townes Associates, Ltd. v. City of Greenville,* 266 S. C. 81, 221 S. E. (2d) 773 (1976). Our review is to determine whether there is any evidentiary support for the master's findings. *Peddler, Inc. v. Rikard,* 266 S. C. 28, 221 S. E. (2d) 115 (1975). Appellant does not deny that the lease agreement expired on January 31, 1977. However, it alleges that the title to the premises is in the State of South Carolina, that it entered the agreement upon the mistake that respondents owned the premises, and that, therefore, the lease agreement between it and respondents is void.

Without contradiction, the record shows that the appellant entered and possessed the respondents' property as early as 1934, paid rent continuously until February 1977, and thereafter continued in defiant possession although the lease agreement expired on January 31, 1977. Therefore, a landlord/tenant relationship existed between the respondents or their predecessors in title and the appellant for several decades. We have held that a tenant is estopped from attacking the title of a landlord so long as the tenant is in possession of the leased premises. *Calhoun v. Currie,* 173 S. C. 429, 176 S. E. 324 (1934); *Stewart-Jones Co. v. Shehan,* 127 S. C. 451, 121 S. E. 374

(1924); *Frady v. Ivester,* 118 S. C. 195, 110 S. E. 135 (1920). [T]he Defendant entered into the Plaintiff's land under an agreement with the Plaintiff, which recognized the Plaintiff's title; and it was properly held that, as long as he continued in possession under the Plaintiff, he could not dispute the Plaintiff's title, but that, if he claims under an antagonistic title, he must surrender possession and bring his action to try title. In other words, so long as he is in possession under a claim subordinate to the Plaintiff's title, he is estopped from denying the Plaintiff's title . . . *Frady v. Ivester, supra,* 118 S. C. at 220, 110 S. E. 135.

We have concluded that appellant is estopped to attack respondents' title. But even if estoppel were not a bar, appellant failed to prove that title to the premises was in someone other than respondents. The only credible testimony showed an unbroken chain of title from the City of Charleston to the respondents beginning in 1863. Appellant contends, however, that because there is no provable proprietary grant in the respondents' chain of title, respondents' claim of ownership fails. In 1836, the State of South Carolina granted the premises to the City of Charleston, (Act No. 2691, 7 Stat. 151), which subsequently granted the premises to respondents' predecessors. The master and trial judge were correct, therefore, in finding that as between the parties and for the purposes of this action, the respondents own the leased premises.

Appellant's other defenses to the respondents' right to enforce the lease are without merit and are disposed of under Rule 23.

The trial judge adopted the master's recommendation and ordered that appellant pay respondents rent of $600 per month from February 1, 1977 until July 24, 1977, the date appellant was served with the Summons and Complaint thereby receiving unquestioned written notice of demand to vacate the premises. Appellant asserts that it should only have to pay rent of $250 per month, the amount it was paying under the lease. We disagree. An expert real estate appraiser estimated the fair rental value of the premises to be

$600 per month. No other evidence as to rental value was offered. Because the appellant refused to vacate the premises after expiration of the lease, it should pay the respondents fair rental value since the lease's termination.

The appellant was also ordered to pay respondents $1200 per month from service date of the Summons and Complaint until appellant gave up possession. We agree with appellant that the award of double rent was error. S. C. Code Ann. § 27-35-170 (1976) allows a landlord double the rental value when a holdover tenant has remained in wrongful possession of the premises more than two years after the landlord has given notice to vacate. However penal statutes are strictly construed. *State ex rel. Moody v. Stem,* 213 S. C. 465, 50 S. E. (2d) 175 (1948). By initiating this action, respondents had the opportunity to plead the statue. Nevertheless, they brought the action solely as one under a lease for contract damages. In *Lund v. Gray Line Water Tours, Inc.,* 273 S. C. 11, 253 S. E. (2d) 503 (1979), an interlocutory appeal in this same case, the respondents classified their action as one for the "construction of a lease contract." Therefore, we modify respondents' award by eliminating the double rent. Appellant should, however, pay respondents the fair rental value of $600 per month from February 1, 1977 until the date it gave up possession.

Finally, the appellant asserts that the respondents were awarded excessive attorney's fees. We disagree. In the lease agreement appellant agreed to pay the lessor all reasonable costs and expenses incurred by the lessor in enforcing the terms of the lease. The master made his recommendation based on detailed statements of professional fees presented for his determination. We find these fees are reasonable and conclude that the $16,575.53 award is adequate to include the attorney's fees incurred during the appeal.

Affirmed in part and modified in part.

LEWIS, C. J. and LITTLEJOHN, NESS and GREGORY, JJ., concur.