0599

Forrest L. HARMON, Appellant, v. BANK OF DANVILLE, Bank of Beaufort, As Trustee, WSIB-Sea Island Broadcasting Corporation of South Carolina, Observer Transportation Company, South Carolina Tax Commission, Azilee S. Bazemore, Marion S. Samuel, and Beaufort Development General Partnership, Defendants, of which the Beaufort Development General Partnership is the Respondent.

(339 S. E. (2d) 150)

Court of Appeals

*F. Mikell Harper* of *Harper & Harper*, Beaufort, *for appellant.*

*Noel M. Seeburg, Jr.* of *Harvey & Battey*, Beaufort, *for respondent.*

Heard Oct. 21, 1985.

Decided Dec. 31, 1985.

CURETON, Judge:

This is a foreclosure action tried first before a special referee. The special referee held that certain monies ad-

vanced by the appellant mortgagee, Forrest Harmon, to the original mortgagor, Dan Krueger, were not secured by a mortgage given by Krueger to Harmon. The referee also held that Harmon was entitled to have the interest due compounded. Upon an appeal to the circuit court, the court affirmed the referee as to the advancements but held that Harmon was entitled to simple interest only. Harmon appeals. We affirm in part, reverse in part and remand.

Dan Krueger gave Harmon a note dated February 12, 1970, in the amount of $46,000.00, representing monies lent by Harmon to Krueger prior to February 12, 1970. To secure the payment of this note, a second mortgage was given by Krueger to Harmon which was recorded on April 10, 1970. The original indebtedness was paid down to $21,000.00 on June 12, 1970. Thereafter, other monies were advanced by Harmon to Krueger. The real estate that Harmon's mortgage covered was later conveyed to respondent Beaufort Development General Partnership.

Both the special referee and circuit judge found that at the time the parties entered into the mortgage transaction, there was no intention on their parts that the mortgage would secure future advances. Harmon takes issue with this finding and also contends that the parties entered into a subsequent agreement that all future advances would be secured by the mortgage. He claims that this agreement is evidenced by the conduct of the parties, demonstrated by the fact that he entered these advances on the same ledger card and required no additional security.

An action for foreclosure of a real estate mortgage is an action in equity. In an equity matter tried first by a special referee, whose findings are concurred in by a circuit judge, we will not disturb their concurrent findings on appeal unless found to be without evidentiary support or against the clear preponderance of the evidence. *Townes Associates, Ltd. v. City of Greenville*, 266 S. C. 81, 221 S. E. (2d) 773, 775-76 (1976). Thus, our review on this issue is to determine if there is any evidentiary support for the findings of the special referee and circuit judge. *Lund v. Gray Line Water Tours, Inc.*, 277 S. C. 447, 449, 289 S. E. (2d) 404, 405 (1982).

The note and mortgage contain no language purporting to secure future advances. The only testimony in the case is that of Harmon who testified on cross-examination that the mortgage did not provide for future advances. On re-direct examination, in rather confusing testimony, Harmon appeared to have testified that his intention was to allow Krueger to re-borrow up to the original principal amount of the mortgage without requiring additional documents to be executed. Harmon did not testify that he and Krueger agreed to secure all future advances by the mortgage.

Of course, the veracity and credibility of a witness can best be judged by the trial judge who heard the witness testify, and who was able to observe his demeanor. He is given broad discretion in this area. *Klutts Resort Realty v. Down 'Round Development Corp.*, 268 S. C. 80, 232 S. E. (2d) 20, 26 (1977). It was within the prerogative of the special referee to reconcile the inconsistencies in Harmon's testimony. We, therefore, find some evidentiary support for the concurrent findings of the special referee and circuit judge.

Harmon next argues that the trial judge erred in rejecting the special referee's finding that the principal and interest amount due at the end of each year should bear interest at the rate set out in the note. The demand note provided that the principal amount of $46,000.00 was payable "with interest thereon from date at the rate of six per cent per annum until paid. Payable monthly on the 12th day of each month at (sic) the monthly amount of $230.00 each month." The mortgage provided that the principal sum was payable "on demand with interest thereon until maturity at the rate of six (6) per cent per annum." The following language was stricken from the mortgage, "said principal sum and interest to bear interest after maturity, if not then paid, at the rate of _____ per cent per annum...."

At trial, Harmon testified first that the note provided for simple interest only, but later testified that the note provided for the payment of interest on interest to be computed annually. The circuit juge concluded that only simple interest was intended by the parties because (1) no day certain was fixed for payment; (2) Harmon testified that only simple interest was intended; (3) the mortgage provided for the

payment of interest "until maturity"; (4) the language on the mortgage form which had the effect of adding interest to principal annually had been stricken; (5) the note has no maturity date; and (6) Harmon's lien arises from the mortgage only and since the mortgage is dated after the note, the terms of the mortgage control.

In an equity action where the special referee and circuit judge are in disagreement regarding a finding of fact, this Court is free to find the facts in accordance with its own view of the preponderance of the evidence. *Townes Associates, Ltd.*, 266 S. C. at 86, 221 S. E. (2d) at 776. While this Court has considerable latitude in finding the facts, the referee who observes a witness testify is in the best position to judge the witness's veracity. He should, therefore, be given broad discretion. *McAlister v. Patterson*, 278 S. C. 481, 483, 299 S. E. (2d) 322, 323 (1982); *Klutts Resort Realty*, 268 S. C. at 91, 232 S. E. (2d) at 26. In judging the credibility of Harmon's testimony, it is apparent that the referee either believed Harmon when he said that the interest was to be compounded or he discounted Harmon's testimony altogether.

The parties to an agreement are at liberty to contract, within legal limits, relative to the interest to be paid on an obligation, including the rate of interest to be charged after maturity. *Turner Coleman, Inc. v. Ohio Construction & Engineering, Inc.*, 272 S. C. 289, 292, 251 S. E. (2d) 738, 740 (1979). "Where a contract ... has been reduced to writing and a question arises as to the intention of the parties, resort is to be had to its language ... [W]here the agreement in question is a written contract, the intention of the parties must be inferred from the contents of the whole agreement and not from any one of its several parts." *Martin v. Carolina Water Service, Inc.*, 280 S. C. 235, 237, 312 S. E. (2d) 556, 558 (Ct. App. 1984); *Gilstrap v. Culpepper*, 283 S. C. 83, 85, 320 S. E. (2d) 445, 447 (1984); *Watkins v. Lang*, 17 S. C. 13, 17 (1882). *See Turner Coleman, Inc.*, 272 S. C. at 292, 251 S. E. (2d) at 740; 59 C.J.S. *Mortgages* Section 179 (1949). Where a mortgage seeks to incorporate by reference a note, both instruments are ordinarily construed together. 59 C.J.S. *Mortgages* Section 156 (1949). Here, however, we find a conflict betwen the terms of the note and the mortgage. The

note provides for the payment of interest "until paid" while the mortgage provides for payment "until maturity." The maturity date of a demand note is immediately upon its issue. 10 C.J.S. *Bills and Notes* Section 247 (1938).

Under contract rules of construction, where there is an irreconcilable conflict between the terms of the note and mortgage, the former ordinarily controls. *Rhodus v. Goins,* 129 S. C. 40, 41-42, 123 S. E. 645, 646 (1924); 55 Am. Jur. (2d) *Mortgages* Section 155 (1971); 59 C.J.S. *Mortgages* Section 156 (1949). A literal interpretation of the terms of the mortgage would reflect that no interest could have ever become due. This could not have been the intention of the parties. *See Cresswell v. Bank of Greenwood,* 210 S. C. 47, 41 S. E. (2d) 393, 397 (1947) (ordinarily the intention of the parties is ascertained by reviewing the instrument, but if the instrument has words of settled legal import, effect will be given to the words rather than to a conflicting intention because written words are presumed to represent the parties' intention).

Compound interest means interest on interest; that is, accrued interest is added periodically to the principal, and interest is computed upon the new principal thus formed. 45 Am. Jr. (2d) *Interest and Usury* Section 76 (1969). A line of cases beginning with *Singleton v. Lewis,* 2 Hill (20 S.C.L.) 408, 9 S. C. 226 (1834) holds that where a note is due in twelve months or less, with annual interest from its date, the interest accrues annually at which time if not paid becomes principal and bears interest also at the contract rate. See cases collected in the case notes to S. C. Code Ann. Section 34-31-20 (1976), as amended. This same rule has been applied to cases where monthly interest was reserved. *Smith v. Smith,* 33 S. C. 210, 11 S. E. 761 (1890). Here, the note was due immediately upon issue and the interest was payable monthly. Since the intent of the parties to the note and mortgage is not otherwise clear from the instruments, we follow the rules of construction and hold that the parties intended by the terms of the note and mortgage to compound the interest annually. We reinstate the decision of the special referee.

Accordingly, the order of the circuit judge is affirmed in part, reversed in part and remanded for disposition consistent with this decision.

Affirmed in part, reversed in part and remanded.

SANDERS, C. J., and GARDNER, J., concur.