## 1040

Forrest L. HARMON, Respondent v. BANK OF DANVILLE, Bank of Beaufort, as Trustee, WSIB-Sea Island Broadcasting Corporation of South Carolina, Observer Transportation Company, South Carolina Tax, Azilee S. Bazemore, Marion S. Samuel and Beaufort Development General Partnership of which Beaufort Development General Partnership is Appellant. Appeal of BEAUFORT DEVELOPMENT GENERAL PARTNERSHIP.

(362 S. E. (2d) 315)

Court of Appeals

*Noel M. Seeburg, Jr.*, of *Harvey & Battey*, Beaufort, *for appellant.*

*F. Mikell Harper*, of *Harper & Harper*, Beaufort, *for respondent.*

Heard Oct. 13, 1987.

Decided Nov. 9, 1987.

SANDERS, Chief Judge:

This is an appeal from an order of the Circuit Court establishing the principal amount owed by appellant Beaufort Development General Partnership on a note and mortgage to respondent Forrest L. Harmon. We reverse and remand.

This case was first heard by a special referee who found, among other things, that: (1) the mortgage did not secure future advances; (2) Mr. Harmon was entitled to have the interest due compounded annually; and (3) the principal amount owed was $21,000. Both Beaufort Development and Mr. Harmon appealed these findings to the Circuit Court.

The Circuit Court issued its order: (1) adopting the finding of the special referee as to the mortgage not securing future advances; (2) rejecting the finding of the special referee as to the interest due and deciding instead that Mr. Harmon was entitled to simple interest only; and (3) modifying the finding of the special referee as to the principal amount owed, so as to find the amount to be $15,500.

Mr. Harmon appealed the order of the Circuit Court, presenting two questions on appeal: (1) whether the Circuit Court erred in deciding that the mortgage did not secure future advances; and (2) whether the Circuit Court erred in deciding that Mr. Harmon was entitled to simple interest only. No question was presented as to whether the Circuit Court erred in finding the principal amount owed to be $15,500. Thus, this part of the order of the Circuit Court was not appealed.

This Court affirmed the part of the order of the Circuit Court which decided that the mortgage did not secure future advances and reversed the part of the order which decided that Mr. Harmon was entitled to simple interest only. *Harmon v. Bank of Danville*, 287 S. C. 449, 339 S. E. (2d) 150 (Ct. App. 1985). The following language appears at the end of the opinion: "We reinstate the decision of the special referee." *Id.* at 454, 339 S. E. (2d) at 154.

This Court then remanded the case to the Circuit Court for disposition consistent with the decision.

On remand, the Circuit Court read the opinion of this Court to reinstate the decision of the special referee in every respect, including his finding that the principal amount owed was $21,000. The Circuit Court, therefore, issued a second order establishing the principal amount owed to be $21,000, instead of $15,500 as found in the unappealed part of its first order. (The Circuit Court then proceeded to calculate interest based on the principal amount owed being $21,000.) We regret to say that the Circuit Court misread the opinion of this Court.[1]

The language at the end of the opinion of this Court was intended to apply only to the part of the decision of the special referee which found Mr. Harmon was entitled to have the interest due compounded annually. Since the part of the first order of the Circuit Court which found the principal amount owed to be $15,500 was not appealed, this fact became "the law of the case." *See Ashy v. WeCare Distributors, Inc.*, 289 S. C. 526, 528, 347 S. E. (2d) 123, 125

---

[1] We are naturally inclined to apologize for this misunderstanding, but then we are reminded of Oscar Wilde. "[T]o be great," he said, "is to be misunderstood." P. Bowler, *The Superior Person's Book of Words* V (1985).

(Ct. App. 1986) ("Where no exception is taken to findings of fact or conclusions of law, they become the 'law of the case.'"). This Court did not address any question as to whether the Circuit Court erred in finding the principal amount owed to be $15,000. Indeed, this Court had no authority to do so because no such question was presented on appeal. *See Langley v. Boyter*, 284 S. C. 162, 181, 325 S. E. (2d) 550, 561 (Ct. App. 1984), *rev'd on other grounds*, 286 S. C. 85, 332 S. E. (2d) 100 (1985) ("[A]ppellate courts in this state, like well-behaved children, do not speak unless spoken to and do not answer questions they are not asked.").

For these reasons, the part of the second order of the Circuit Court establishing the principal amount owed to be $21,000 is reversed, and the case is remanded for disposition consistent with this opinion (*i.e.*, on remand, the second order of the Circuit Court should be modified so as to establish the principal amount due to be $15,500 and so as to recalculate interest based on this amount).

Reversed and remanded.

GARDNER and GOOLSBY, JJ., concur.