1104

John M. GATHINGS, Respondent v. ROBERTSON BROKERAGE
COMPANY, INC., Appellant.
(367 S. E. (2d) 423)

Court of Appeals

*Robert M. White,* and *M. Thomas Webber, Jr.,* Greenville, *for appellant.*

*H. Samuel Stilwell,* Greenville, *for respondent.*

Heard Jan. 18, 1988.

Decided March 14, 1988.

SANDERS, Chief Judge:

This is an appeal from an order of a Master-in-Equity deciding, among other things, that certain claims by appellant Robertson Brokerage Company, Inc. against respondent John M. Gathings are barred by virtue of a previous decision in another case involving the same parties, and that certain other claims by Robertson Brokerage against Mr. Gathings are not supported by the evidence. We affirm but for somewhat different reasons that those given by the Master for his decision.[1]

I
THE HISTORY OF THE TWO CASES

, A
The Undisputed Facts

W. F. Ward, Jr. sold his stock in Allstate Food Brokers, Inc. back to Allstate and agreed not to compete with Allstate for five years. Allstate agreed to pay Mr. Ward for his stock and for his agreement not to compete.

Mr. Gathings thereafter sold his stock in Allstate to Robertson Brokerage and made certain warranties in connection with the sale of his stock.

Mr. Gathings agreed to indemnify Robertson Brokerage for any undisclosed liabilities of Allstate and further agreed not to compete with Robertson Brokerage for five years.

Robertson Brokerage agreed to pay Mr. Gathings for his stock and for his agreement not to compete.

The entire agreement between Robertson Brokerage and Mr. Gathings was entitled "Stock Purchase and Non-Competition Agreement."

Robertson Brokerage later acquired the remaining stock in Allstate and changed the name of Allstate to its own name.

Both Mr. Ward and Mr. Gathings later sued Robertson Brokerage, and both cases were referred to a Master-in-Equity for the entry of final judgment. The suit of Mr.

---

[1] See Sea Pines Plantation v. Wells, 294 S. C. 266, 363 S. E. (2d) 891 (1987) (the decision of the trial judge may be affirmed on any ground supported by the record).

Gathings preceded the suit of Mr. Ward by three weeks, but the suit of Mr. Ward was tried first.

## B
### The Ward Suit

The suit by Mr. Ward is the case which the Master ruled is controlling in the instant case.

Mr. Ward alleged Robertson Brokerage had assumed the obligation of Allstate to pay him for his stock and for his agreement not to compete.

Mr. Ward further alleged Robertson Brokerage had defaulted on this obligation.

Robertson Brokerage impleaded Mr. Gathings as a third-party defendant, asserting claims against him based on his agreement to indemnify Robertson Brokerage for any undisclosed liabilities of Allstate. One of the claims by Robertson Brokerage was based on the allegation Mr. Gathings had not disclosed the obligation of Allstate to pay Mr. Ward for his covenant not to compete. The other claims by Robertson Brokerage were based on allegations Mr. Gathings had not disclosed certain other liabilities of Allstate which had nothing to do with the claims of Mr. Ward.

Robertson Brokerage did not allege Mr. Gathings had failed to disclose the obligation of Allstate to pay Mr. Ward for his stock. (It appears to be undisputed that Mr. Gathings did disclose this obligation.) Nevertheless, Robertson Brokerage sought to have Mr. Gathings held responsible for the entire obligation of Allstate to Mr. Ward based on the alleged failure of Mr. Gathings to disclose the obligation to pay Mr. Ward for his agreement not to compete with Allstate together with his alleged failure to disclose other liabilities of Allstate.

Robertson Brokerage also sought to have Mr. Gathings required to indemnify it for all amounts previously paid to Mr. Ward for his agreement not to compete with Allstate.

The Master found there were balances due from Robertson Brokerage to Mr. Ward both for his stock and for his agreement not to compete with Allstate. Based on these findings, the Master awarded Mr. Ward judgment against Robertson Brokerage for the total of both balances.

The Master further found Mr. Gathings had not disclosed the obligation to pay Mr. Ward for his agreement not to compete with Allstate. The Master also found Mr. Gathings had not disclosed certain other liabilities of Allstate. Based on these findings, the Master awarded Robertson Brokerage judgment against Mr. Gathings and required Mr. Gathings to indemnify Robertson Brokerage for the total amount of the judgment awarded Mr. Ward against Robertson Brokerage. Thus, the Master awarded Robertson Brokerage judgment against Mr. Gathings based in part on his failure to disclose the obligation to pay Mr. Ward for his agreement not to compete with Allstate and in part on his failure to disclose certain other liabilities of Allstate which were unrelated to the claims of Mr. Ward.

In addition, the Master awarded Robertson Brokerage a separate judgment against Mr. Gathings and required Mr. Gathings to reimburse Robertson Brokerage for the amount Robertson Brokerage had previously paid to Mr. Ward for his agreement not to compete with Allstate.

Finally, the Master required Mr. Gathings to indemnify Robertson Brokerage for any future amounts paid Mr. Ward for his agreement not to compete with Allstate.

In other words, the Master awarded Robertson Brokerage the exact relief which it had sought against Mr. Gathings.[2]

No appeal of the decision of the Master was perfected and the decision became final.

## C
### The Gathings Suit

The suit by Mr. Gathings is the instant case. Like Mr. Ward, Mr. Gathings alleged in his suit Robertson Brokerage had defaulted in paying him for his stock and for his agreement not to compete.

---

[2] The Master found Mr. Gathings liable for some, but not all, of the undisclosed liabilities alleged by Robertson Brokerage. However, even if the Master had found Mr. Gathings liable for all of the undisclosed liabilities alleged, the result would have been the same. The decision of the Master made Mr. Gathings responsible for the entire obligation of Robertson Brokerage to Mr. Ward. Robertson Brokerage did not pray for any other relief against Mr. Gathings.

Robertson Brokerage answered, asserting counterclaims based again on the agreement by Mr. Gathings to indemnify Robertson Brokerage and based further on new allegations against him in connection with other aspects of the agreement between the parties.

The Master found there were balances due from Robertson Brokerage to Mr. Gathings for his stock and for his agreement not to compete. The Master further found Robertson Brokerage was entitled to an offset against the judgment based on one aspect of the agreement of Mr. Gathings to indemnify Robertson Brokerage. However, the Master found every other aspect of the counterclaims against Mr. Gathings had been adjudicated in the suit of Mr. Ward except certain claims based on allegations of fraud. As to these claims, the Master found the allegations were not supported by the evidence.

Based on these findings, the Master awarded Mr. Gathings judgment against Robertson Brokerage, gave Robertson Brokerage the offset to which it was found to be entitled but denied Robertson Brokerage recovery on any other aspect of its counterclaims.

This appeal followed.

## II
## OUR DECISION IN THE INSTANT CASE

Although Robertson Brokerage argues a number of different questions on appeal, the dispositive issue is whether the counterclaims asserted against Mr. Gathings are barred by the doctrine of res judicata.

> The doctrine of res judicata operates to preclude relitigation of claims which were subject to judgment in a prior action where: (1) there is an identity of the parties or their privies, (2) there is an identity of the subject matter of the litigation, and (3) there was a final determination on the merits of the claim in the prior action.

*Wessinger v. Rauch*, 288 S. C. 157, 159, 341 S. E. (2d) 643, 644 (Ct. App. 1986).

> Robertson Brokerage and Mr. Gathings were parties in the suit by Mr. Ward and in the instant case. The subject matter of the two cases was the same. There

was a final determination on the merits in the suit by Mr. Ward.

Robertson Brokerage proceeded under Rules 14 and 18 of the South Carolina Rules of Civil Procedure.

Rule 14(a) provides:

> At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or a part of the plaintiff's claim against him.

"Rule 14 may be used only when the substantive law permits the defendant to shift some or all of his liability to the impleaded party." H. Lightsey & J. Flanagan, *South Carolina Civil Procedure* at 257 (1985).

Having impleaded Mr. Gathings pursuant to Rule 14, Robertson Brokerage could have confined its basis for indemnification to claims related to the claims of Mr. Ward. But Robertson Brokerage chose, instead, to assert other claims having nothing to do with the claims of Mr. Ward. This is permitted, but not required, by Rule 18.

Rule 18(a) provides:

> "A party asserting a cause of action as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal or equitable, as he has against the opposing party."

The decision in a prior action conclusively settles not only claims actually litigated, but also all matters which might have been litigated in that action. *Nunnery v. Brantley Construction Co.*, 289 S. C. 205, 345 S. E. (2d) 740 (Ct. App. 1986).

When the Rules of Civil Procedure were adopted, Dean Lightsey and Professor Flanagan explicitly warned the Bar: "[L]iberal joinder of parties as well as claims affects the doctrine of *res judicata*." They then proceeded to explain:

> Because it is now possible to litigate in one case issues which previously took separate actions, the careful lawyer should be aware that the decision not to raise a particular claim or not to assert it against a party

already in the litigation may waive that particular claim, or have it adversely affected by a finding of fact in the first case.

H. Lightsey & J. Flanagan, *supra*, at 186.

Robertson Brokerage has fallen victim to the peril warned against by Dean Lightsey and Professor Flanagan.[3] Once Robertson Brokerage asserted claims against Mr. Gathings, unrelated to the claims of Mr. Ward, it had to assert all of its claims against him having to do with the same subject matter. In other words, Robertson Brokerage could not assert the claims it asserted against Mr. Gathings in the suit by Mr. Ward and wait to assert the claims it now attempts to assert as counterclaims against him in the instant case.

For these reasons, all of the counterclaims asserted ■ by Robertson Brokerage in the instant case are barred as a matter of law. It is, therefore, unnecessary for us to decide whether the allegations of fraud are unsupported by the evidence. We do not, however, reverse the decision of the Master to allow the offset based on one aspect of the counterclaims because Mr. Gathings has not appealed that decision. *See Harmon v. Bank of Danville*, 294 S. C. 39, 40, 362 S. E. (2d) 315, 316 (Ct. App. 1987) ("Appellate courts in this state, like well-behaved children, do not speak unless spoken to and do not answer questions they are not asked.")

Accordingly, the order of the Master-in-Equity is

Affirmed.

GARDNER and BELL, JJ., concur.

---

[3] We resist the temptation to say Robertson Brokerage is "hoist with its own petard." *Cf.* William Shakespeare, *Hamlet*, act iii, scene 4, line 207 ("For 'this the sport to have the engineer / Hoist with his own petar[d]. . . ."). A petard is an offensive weapon very much like Rule 18 of the South Carolina Rules of Civil Procedure. *See Oxford American Dictionary*, 499 (1980) ("pe-tard (pi-tahrd) *n. (old use)* a kind of small bombshell; *hoist with his own petard*, injured by his own devices against others.").