THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Pools Plus,
 Inc., Respondent,
 v.
 Angela Timmons, Appellant.
 
 
 

Appeal From Sumter County
Howard P. King, Circuit Court Judge
Unpublished Opinion No. 2008-UP-206
Submitted March 4, 2008  Filed March 25,
 2008    
AFFIRMED

 
 
 
 John E. Miles, of Sumter, John S. Nichols, of Columbia, for
 Appellant.
 Michael M. Jordan, of Sumter, for Respondent.
 
 
 

PER CURIAM:  This
 case arises from a contract between Pools Plus, Inc. and Angela Timmons for
 Pools Plus to construct an in-ground swimming pool on Timmonss property.  Timmons
 withheld partial payment after determining the pool was unsatisfactory. 
 Timmons appeals the trial courts introduction of the contract into evidence
 and the award of prejudgment interest to Pools Plus.  We affirm.[1]
1.  Timmons
 contracted with Pools Plus to install an in-ground swimming pool on her
 property.  Upon completion of the pool,
 Timmons was dissatisfied, claiming the pool leaked, filled with dirt during
 heavy rain, and had other malfunctions.  Timmons refused to pay the
 approximately $8800 remaining due on the contract.  Pools Plus filed a lawsuit
 seeking to recover the money owed.  At trial, Pools Plus offered into evidence
 a contract detailing the agreement between the parties.  The contract was only
 signed by an employee of Pools Plus.  The trial court admitted the contract
 over the objection of Timmons, who argued the contract could not represent the
 agreement as it lacked Timmonss signature.  The jury found for Pools Plus and
 awarded them $8801.60.
Timmons now argues the trial court erred in failing to grant a new
 trial after erroneously admitting the contract into evidence.  The admission of evidence is a matter left to the
 discretion of the trial judge and, absent clear abuse, will not be disturbed on
 appeal.  Carlyle v. Tuomey Hosp., 305 S.C. 187, 193, 407 S.E.2d 630,
 633 (1991).  Likewise, the grant or denial of a new
 trial motion falls within the trial courts discretion, and the trial courts
 decision will only be disturbed on appeal if it is controlled by an error of
 law or wholly unsupported by the evidence.  Sabb v. South Carolina
 State Univ., 350 S.C. 416, 427, 567 S.E.2d 231, 236 (2002).
Under
 the facts of this case, the trial court did not abuse its discretion in
 admitting the contract, even though the contract lacked Timmonss signature. 
 Our courts have held that [a] contract does not always require the signature
 of both parties; it may be sufficient, if signed by one and accepted and acted
 on by the other.  Jaffe v. Gibbons, 290 S.C. 468, 473, 351 S.E.2d 343,
 346 (Ct. App. 1986); see also Peddler, Inc. v. Rikard, 266
 S.C. 28, 32, 221 S.E.2d 115, 117 (1975).
In
 her answer, Timmons admitted to entering into a contract with Pools Plus.  At
 trial, Timmons acknowledged the contract offered into evidence, even though
 unsigned by her, accurately reflected the basic terms of the contract.  Further,
 Timmons stated she owed about $8800 on the pool.  Therefore, the trial court
 did not abuse its discretion as evidence existed supporting the contracts
 admission and no error of law was made.  Accordingly, a new trial was not
 warranted.
2.  Timmons additionally
 disputes the trial courts award of prejudgment interest.  Prejudgment interest
 is appropriate on obligations to pay money from the
 time when, either by agreement of the parties or operation of law, the payment
 is demandable, if the sum is certain or capable of being reduced to certainty.  Butler Contracting, Inc. v. Court Street, LLC, 369 S.C. 121,
 133, 631 S.E.2d 252, 258 (2006).  The right of a
 party to prejudgment interest is not affected by rights of
 discount or offset claimed by the opposing party.  It is the character of the
 claim and not the defense to it that determines whether prejudgment interest is
 allowable.  Id. at 133-34, 631 S.E.2d at 259.
At
 trial, Timmons stated, I still owe the $8800.  She additionally said, I
 refused to pay the portion that was due until the pool was satisfactory.  Timmons
 simply refused to pay as she was dissatisfied with her pool; however, Timmonss
 disappointment does not shield her from prejudgment interest.  Here, the amount
 owed was in fact reduced to
 certainty for Timmons acknowledged her remaining obligation.  Consequently, the
 amount awarded to her was properly subject to prejudgment interest. 
Accordingly,
 the judgment of the trial court is 
AFFIRMED.
HUFF, KITTREDGE, and WILLIAMS, JJ., concur.

[1]  We decide this case without oral
 argument pursuant to Rule 215, SCACR.